91 F.3d 152
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Thomas B. HENSON, Plaintiff-Appellant,
v.
Joanne COREY; Officer; City of Phoenix; George Bonsall,
Judge; Michael Fuschino, Sergeant, Defendants-Appellees.
 No. 95-16685.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 9, 1996.*
Decided July 15, 1996.
 
 Before: HUG, Chief Judge, SCHROEDER, and POOLE, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Thomas B. Henson appeals pro se the district court's summary judgment in favor of City of Phoenix police officers Joanne Corey and Michael Fuschino and Municipal Court Judge George Bonsall, in Henson's 42 U.S.C. § 1983 action alleging that his constitutional rights were violated when he was detained following the refusal by him and a companion, Gene Odice, to identify themselves in court at a hearing on a traffic summons issued to Henson. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, Warren v. City of Carlsbad, 58 F.3d 439, 441 (9th Cir.1995), and we affirm.
 
 A. Defendant Bonsall
 
 3
 Henson's contends his constitutional rights were violated by Judge George Bonsall when he ordered that Henson and Odice be taken into confinement after Henson failed to identify himself.
 
 
 4
 Because the actions Bonsall allegedly took were judicial acts within his jurisdiction, Bonsall is entitled to absolute immunity from suit. See Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir.1986).
 
 B. Defendants Corey and Fuschino
 
 5
 Henson contends that Phoenix police officers Joanne Corey and Michael Fuschino violated his constitutional rights when they followed Judge Bonsall's order to take Henson into custody. Because they were executing a facially valid court order, Corey and Fuschino were entitled to absolute quasi-judicial immunity. See Coverdell v. Department of Social and Health Serv., 834 F.2d 758, 764-65 (9th Cir.1987); see also Roland v. Phillips, 19 F.3d 552, 557 (11th Cir.1987) ("Whether a valid judicial order is verbal or written, an executing law enforcement official is protected by absolute quasi-judicial immunity.").
 
 AFFIRMED.[1]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Henson's other claims have been considered and are wholly without merit because of the defendants' immunity from suit